SCRUGGS v. ALEXANDER, *Appellant;* CARTER, *Respondent.*

**Contract for the benefit of a third party**: MARRIED WOMAN. One C, in anticipation of his own death, sold a carriage, agreeing with the purchaser that the price was to be paid in farm produce to his (C's) wife. C having died; *Held,* that his widow, and not his executor, was entitled to the benefit of the sale.

*Appeal from Jackson Circuit Court.*—HON. S. H. WOODSON, Judge.

AFFIRMED.

*Dunlap & Freeman* for appellant.

*Karnes & Ess* for respondent.

NORTON, J.—Plaintiff, in his petition, states that on the —— day of August, 1875, plaintiff bought a carriage of E. H. Carter, deceased, and was to pay therefor the sum of $100 in vegetables, farm produce, etc., to Sallie A. Carter; that E. H. Carter died August 29th, 1875; that defendant, Jesse P. Alexander, is executor of his last will and testament, duly qualified, etc.; that plaintiff has no interest in the money; that defendant, Alexander, claims the same and threatens to sue plaintiff therefor; that defendant, Sallie A. Carter, also claims the same, and threatens to sue the plaintiff therefor.   Plaintiff asks the court

to order, adjudge and decree that this plaintiff pay said sum of $100 into court and be discharged, and that the defendants may interplead for the same.

Defendants Alexander and Sallie A. Carter, each in their respective answers, claimed the said sum; the said Alexander claiming that the debt from plaintiff was due to him as the executor of E. H. Carter, who died previous to September 5th, 1875, leaving a will disposing of all his real and personal property. Defendant Sallie A. Carter, in her answer, denied that the debt was an asset belonging to the estate of E. H. Carter, deceased, and averred that said E. H. Carter, who was her husband, sold the carriage to plaintiff, Scruggs, for $100, which was to be paid to her as her separate property and as a means of support for her after the death of her said husband. Upon the trial of the issue thus presented, the court awarded the money in controversy to be paid to defendant Sallie A. Carter, from which judgment defendant Alexander prosecuted his appeal to this court.

This proceeding being equitable in its nature, we are authorized to look into the evidence for the purpose of ascertaining whether or not it supports the judgment. We think the evidence satisfactorily shows that E. H. Carter, deceased, sold the carriage in question to plaintiff, Scruggs, for the sum of $100, which was to be paid to Sallie A. Carter, his wife, in any farm produce which plaintiff might have to spare and as he could spare it. The evidence further shows that said E. H. Carter was in daily anticipation of death, being at that time afflicted with a disease liable to terminate his life at any moment, and that as an inducement for plaintiff to purchase the carriage, (he, plaintiff, being a farmer with no prospects of raising anything on his farm during that year in consequence of the grasshoppers having destroyed everything,) repeatedly said that he could pay the price of the carriage to his wife in two or three years in farm produce, from a dozen eggs up, as she would need such things, and he did not expect to

live to enjoy them. The evidence clearly evinces an intention on the part of Carter, deceased, that his wife was to be the sole recipient of the proceeds of the sale, and that payment was to be made to her alone. Under this state of facts the following authorities fully warranted the decree rendered: §§ 714 and 231, 1 vol., Bish. on Married Women; *Clark v. McGuire,* 16 Mo. 302; *Rogers & Peak v. Gosnel,* 51 Mo. 467. Judgment affirmed, in which all the judges concur.